# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2:19-cr-194 |
| vs. | ) | |
| | ) | |
| VINCENT BROCOLI, | ) | CHIEF JUDGE MARBLEY |
| a/k/a Vince, | ) | |
| a/k/a Matthew Dehart, | ) | |
| a/k/a Bunch Media, | ) | |
| a/k/a Bunch Marketing, | ) | |
|     Defendant. | ) | |

## MOTION TO COMPEL REMOVAL OF ONLINE ACCOUNTS

The United States of America, by and through David M. DeVillers, United States Attorney, and Christopher St. Pierre, Special Assistant United States Attorney, hereby moves this Court under the All Writs Act, 28 U.S.C. § 1651, to issue an order requiring GoDaddy.com, Google, Instagram, ItsMyURLS.com, RipOffScams.com, Twitter, Wordpress, and YouTube ("Service Providers") to remove all online accounts and statements created, utilized, or posted by Defendant in the course of his criminal activity in this case.

## FACTS

Defendant Vincent Brocoli engaged in a pattern of harassment of numerous victims over a period of at least 2 years and 9 months. On August 29, 2019, Defendant was indicted by a grand jury with three counts of cyberstalking, in violation of 18 U.S.C. § 2261A. Defendant entered a guilty plea to count one of the indictment on November 12, 2019, and was sentenced to 30 months' incarceration on July 27, 2020. At sentencing, the Court ordered Defendant to remove all remaining accounts and statements that constituted the relevant offense conduct in

this case by Wednesday, July 29, 2020.  On August 5, 2020, the Court entered a judgment requiring that Defendant "delete all accounts created and used by the defendant for malicious intent, specifically those accounts utilized in furtherance of the instant offense."

The United States is aware of 98 accounts created and used by Defendant in the course of his cyberstalking conduct in relation to the known victims, as reflected in sealed attachments 1-8.  These accounts were used to make harassing statements targeting the victims on a near-daily basis for at least two years and nine months.  These statements included: "You're a pathetic phony. Fuck you. ps. I follow you. Guess who?"; "[K.K] is a worthless lying SLUT."; and "Go away and die. Just put a gun in your mouth and get it over with."  These statements caused significant mental anguish to the victims and their families at the time of each initial publication, and, in many instances, continue to do so as they are still published on the internet.

Defendant is anticipated to remain incarcerated until at least October of 2021, and has been unable or unwilling to comply with the Court's oral order or the requirements of the judgment of the Court, both of which require that these accounts be deleted.  Accordingly, the United States requests that the Court order that the Service Providers delete those accounts.

## DISCUSSION

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute."  *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43 (1985).  "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in

wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice… and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.,* 434 U.S. 159, 174 (1977). Under the reasoning of *New York Tel. Co.*, this Court has authority to effectuate Its prior orders by directing the Service Providers to delete all content that constitutes the offense conduct in this case.

The requested order would effectuate this Court's oral order and judgment commanding that the subject accounts be deleted. Categorically, Defendant has no remaining First Amendment interest in these accounts and statements because he admitted by plea agreement that his conduct constituted cyberstalking, an unprotected activity. Without the requested order, the victims in this case will continue to be harmed by Defendant's criminal conduct until he personally removes the accounts after release, no sooner than October 2021, which would be untimely in light of the Court's oral order and contrary to the victims' right "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

Moreover, Defendant failed to remove the content in question when given an opportunity to do so prior to his arrest. At sentencing, Defendant feigned ignorance in regards to even the ability to identify the accounts in question. Therefore, Defendant's prior conduct suggests that, even once released, he would not comply with the Court's order.

Finally, the requested order is not likely to place any unreasonable burden on the Service Providers.

Respectfully submitted,

DAVID M. DEVILLERS
UNITED STATES ATTORNEY

s/Christopher N. St. Pierre
 CHRISTOPHER N. ST. PIERRE (0097673)
Special Assistant United States Attorney
303 Marconi Blvd, Ste 200
Columbus, Ohio 43215
Office: (614) 469-5715
Fax: (614) 469-5653
E-mail: Christopher.St.Pierre@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing government's Motion to Compel Removal of Online Accounts was served this 5th day of September, 2020, electronically on all counsel of record.

s/Christopher N. St. Pierre
CHRISTOPHER N. ST. PIERRE (0097673)
Special Assistant United States Attorney